IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANNETTE BENJAMIN                                                                PLAINTIFF

VS.                                                   CIVIL CAUSE NO: 3:16-CV-099-NBB-RP

FELDER SERVICES, LLC d/b/a
OXFORD HEALTH AND REHAB CENTER                                  DEFENDANT


**MEMORANDUM OPINION**

Presently before the court is the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Annette Benjamin, brings this action against her former employer, defendant Felder Services, LLC ("Felder"), an Alabama company doing business as Oxford Health and Rehab Center, asserting that the defendant terminated her employment in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621. The plaintiff was a long-term employee of thirty-two years for the defendant's predecessor, Lafayette LTC, Inc.  At the time of the plaintiff's discharge, she was fifty-nine years old and employed as a "dietary manager."

On June 8, 2015, the defendant purchased the contract regarding dietary, laundry, and housekeeping at the facility.  The plaintiff worked for the defendant for only approximately thirty days before her employment was terminated.  The plaintiff claims that prior to her termination, the defendant conducted interviews with all dietary employees except the plaintiff, generally outlining the company's expectations and any

change in job descriptions. The plaintiff's supervisor, Brenda Anderson, allegedly told the plaintiff that the failure to interview her was "nothing to worry about," that she did not understand how the plaintiff could do all the work she was doing, and that she was doing an excellent job.

The plaintiff also claims that the defendant placed a large number of additional requirements upon her and that it was impossible for her to fulfill all of these duties immediately. The plaintiff claims that on the day she was fired a younger black male who appeared to be in his forties was on site. Subsequently, this man was hired as her replacement. He was forty-two at the time he was hired.

When the plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), the defendant indicated that the plaintiff was fired because she failed to prepare tray cards and complete a seating chart in a timely manner. The plaintiff claims that she was unable to complete the tray cards in a timely fashion because the defendant had assigned so many job duties to her and that she was working on both assignments at the time of her termination. The plaintiff claims that the defendant's proffered legitimate, non-discriminatory reason of the plaintiff's poor job performance was a pretext for discharging her because of her advanced age. After the EEOC issued her right to sue letter, the plaintiff filed her ADEA complaint in this court on May 23, 2016. The defendant subsequently filed this motion for summary judgment.

Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celote Corp.*, 477 U.S. at 324 (quoting Fed. R., Civ. P. 56(c), (e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Analysis

The ADEA provides that "[i]t shall be unlawful for an employer to... discharge any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). "To establish an ADEA claim, a plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (quoting *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343, 2351 (2009)).

The plaintiff has produced no direct evidence of age discrimination and must therefore establish a prima facie case through circumstantial evidence. In the absence of direct evidence of discrimination, the court must use the familiar burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a prima facie case of age discrimination, the plaintiff must show "that she: (1) is

a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that others similarly situated were treated more favorably." *Okoye v. Univ. of Texas Houston Health Science Center*, 245 F.3d 507, 512-13 (5th Cir. 2001).

If the plaintiff can establish a prima facie case, the employer is afforded the "opportunity to articulate a legitimate, non-discriminatory reason for the adverse employment action." *Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d 413, 420 (5th Cir. 2006). "Once the employer offers evidence of such a legitimate reason, the burden shifts back to the plaintiff-employee to raise a genuine issue of material fact that this non-discriminatory reason is merely pretextual." *Id.* At this point, "the factual inquiry proceeds to a new level of specificity." *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 255 (1981).

The defendant admits that the plaintiff has established a prima facie case because her employment was terminated; she was qualified for the position; she was approximately fifty-nine years old at the time of discharge; and she was replaced by a forty-two year old man. The burden therefore now shifts to the defendant to articulate a legitimate, non-discriminatory reason for the plaintiff's discharge. The defendant's reason for the discharge was that the plaintiff did not complete her assigned tasks in a timely fashion and her overall work performance was poor. The plaintiff's immediate supervisor testified that "she was not willing to cooperate with nursing staff on working with them to try to solve some of the issues that they were having." In addition, the plaintiff's supervisor testified that the plaintiff raised her voice in an inappropriate

manner to the staff. The supervisor also testified that the plaintiff failed to complete her tray card audits in a timely fashion and that she herself had to complete the tray card audits. The supervisor also testified that the plaintiff failed to complete a seating chart. Further, during an early June 2015 survey by the Department of Health and Human Services, Centers for Medicare and Medicaid Services, the facility was cited for numerous violations. These violations included that the facility served cold meals, failed to store and serve foods in a sanitary manner, and ran a dirty kitchen.

Given that these reasons are legitimate and non-discriminatory, the burden shifts back to the plaintiff to show a genuine issue of material fact that the given reason is merely pretextual. *Willis*, 445 F.3d at 420. The plaintiff cites five different co-workers who testified that they had never witnessed the plaintiff being rude or disrespectful to a co-worker or resident during her employment at the facility. The record reveals, however, that one of these co-workers was fired by the defendant, one did not work directly for the defendant, one worked with the plaintiff only one day a week, and another did not work with the plaintiff at the time of her termination. The plaintiff also cites that the two oldest employees had their pay cut when the defendant took over the kitchen, laundry, and housekeeping operations at the facility. The record shows, however, that several kitchen employees of varying ages had their pay cut when the defendant took over.

The plaintiff states that she was unable to perform the tray card audits in a timely fashion because the defendant added many new job duties. Because she allegedly did not have the time to perform the tray card audits immediately, her supervisor performed the audits before the plaintiff allegedly had the chance. The plaintiff also states that she was

never given a deadline and that she was working on the tray cards and the seating chart when she was fired.

The court finds that the proffered legitimate, non-discriminatory reason is not pretextual because an employee not performing job duties in a timely manner is a valid reason for termination. The plaintiff also raises the issue that she was replaced by a much younger male and that he allegedly told a third-party that he was hired two weeks before the plaintiff was fired and was waiting for her to be let go. The court must disregard this alleged statement as inadmissible hearsay. Further, while the plaintiff's replacement was younger, he was ultimately treated the same by the defendant when his performance did not rise above the plaintiff's, and he was fired as well.

While the plaintiff has satisfied her prima facie burden, she cannot successfully rebut the defendant's legitimate, non-discriminatory reason for terminating her employment. The plaintiff's own testimony regarding the tray card audit and her supervisor's testimony reflecting her attempts at trying to get the plaintiff to do her job show the plaintiff's poor work performance and failure to complete assignments. The court finds that these reasons, taken together with the surveys from the Department of Health and Human Services, are more than valid to warrant the plaintiff's termination. The court therefore finds that the defendant's motion for summary judgment should be granted.

Conclusion

For the foregoing reasons, the court finds that there are no genuine issues of material fact, and the defendant is entitled to judgment as a matter of law. The motion for summary judgment shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 6th day of September, 2017.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**